1  MELINDA HAAG (CABN 132612)
   United States Attorney
2
3  MIRANDA KANE (CABN 150630)
   Chief, Criminal Division
4
   ELISE BECKER (NYBN 2540730)
5  Assistant United States Attorney

6     450 Golden Gate Avenue, Box 36055
      San Francisco, California 94102-3495
      Telephone: (415) 436-6878
7     FAX: (415) 436-7234
      elise.becker@usdoj.gov
8
   Attorneys for Plaintiff
9

10                  UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12                      SAN FRANCISCO DIVISION

13

14  UNITED STATES OF AMERICA,        )   No. CR 3-11-70520 JL
                                     )
15        Plaintiff,                 )
                                     )   [PROPOSED] ORDER OF DETENTION
16     v.                            )
                                     )
17  RAGEH AHMED MOHAMMED AL-         )
    MURISI,                          )
18                                   )
          Defendant.                 )
19  _____  )

20

21        Defendant Rageh Ahmed Mohammed Al-Murisi came before this Court on May 13,

22  2011, for a detention hearing. The defendant was present and represented by Assistant Federal

23  Public Defender Elizabeth Falk. The defendant was also assisted by an Arabic language

24  interpreter. Assistant United States Attorney Elise Becker represented the United States.

25        The government requested detention, submitting that no condition or combination of

26  conditions would reasonably assure the safety of the community and the appearance of the

27  defendant as required.

28

No. CR 3-11-70520 JL
[Proposed] DETENTION ORDER

Pretrial Services submitted a report recommending detention based on the defendant's risk of flight and danger to the community. Pretrial Services also recommended a mental health assessment.

Upon consideration of the Pretrial Services report, the court file and the party proffers as discussed below, the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community, as well as the defendant's appearance. The Court orders the defendant detained.

The present order summarizes the Court's findings at the detention hearing and serves as a written findings of fact and statement of reasons as required by 18 U.S.C. § 3142(i).

The Bail Reform Act of 1984, 18 U.S.C. §§ 3141-50, sets forth the factors which the Court must consider in determining whether pretrial detention is warranted. In coming to its decision, the Court has considered those factors, paraphrased below:

(1) the nature and seriousness of the offense charged;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person including, among other considerations, employment, community ties, past conduct and criminal history, and records of court appearances; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Defendant Rageh Al-Murisi is charged with a violation of 49 U.S.C. § 46504 (interference with flight crew members and attendants). After hearing the proffers of both parties, the Court finds that the United States has met its burden of showing by clear and convincing evidence that no combination of conditions can reasonably assure the safety of the community and the defendant's continued appearance before the Court.

The Court finds the following factors among the most compelling in reaching its conclusion that no combination of conditions could reasonably assure the community's safety and the defendant's appearance:

No. CR 3-11-70520 JL
[Proposed] DETENTION ORDER

1   First, the government alleges that, on May 8, 2011, the defendant purchased a same-day one-way ticket on American Airlines from LaGuardia Airport in New York to San Francisco International Airport (SFO) with a stop at Chicago O'Hare Airport (ORD); that the defendant paid for the ticket with cash; that the defendant did not check any bags and had no carry-on luggage; that there were approximately 156 passengers and six flight crew members and attendants on board American Airlines Flight 1561 from ORD to SFO; and that the defendant had on him various pieces of expired and valid forms of identification, including a Republic of Yemen passport, a United States Permanent Resident Card, a Social Security card, two valid New York State Learner Permits, one valid New York State Driver's License, an expired California Identification Card, two post dated checks in the amount of $13,000, approximately $47 cash, an Apple charger, and a USB cable. Notably, the defendant had no cell phone or electronic Apple device.

Second, the government alleges that, as American Airlines Flight 1561 was preparing for landing, the defendant left his seat near the rear of the plane, walked toward the first class section of the plane while saying Allah Akbar, and attempted to forcibly enter the cockpit. While the purser struggled with the defendant, at least three passengers, including retired law enforcement officers and an off-duty pilot, came to physically restrain the defendant. The defendant continued resisting on the plane, even after his hands and feet were each secured with plastic flex cuffs and secured together by a passenger's belt. In addition, the defendant continued resisting once removed from the plane; he attempted to hit and bite a law enforcement officer in the airport, and yelled "you can't kill me."

Third, the defendant told a Federal Air Marshal Task Force Officer at the airport that he wanted to talk to the pilot. During the defendant's medical screening at the jail, the defendant stated through an Arabic language interpreter that he wanted to kill himself "his own ways" because, as he stated in English, "it's natural."

Fourth, the defendant is a Yemeni national and a lawful permanent resident of the United States. He is married to a United States citizen with whom he lived in Yemen. His wife and children are in Yemen. The defendant entered the United States for the first and only time in

No. CR 3-11-70520 JL
[~~Proposed~~] DETENTION ORDER

January 2010 on an immigrant visa. His wife did not travel with him at that time. When he came to the United States, the defendant resided with his uncle's family in Vallejo, California, for several months. The defendant moved to New York because he was unable to find work in Vallejo and he hoped to find work with his brother who was living in New York at the time. While in New York, the defendant had several jobs, including working at convenience stores. Currently, the defendant has no known ties to New York after he suddenly quit his job a few days before he flew to San Francisco.

Fifth, the defendant's uncle and cousins live in Vallejo, California. They hosted the defendant for several months when he first arrived in the United States. They did not sponsor his immigrant visa application and they did not know that he was coming to California on May 8, 2011. While the defendant's relatives in Vallejo are willing to act as sureties for the defendant, nobody with sufficient assets responded to Pretrial Services' inquiries.

Sixth, the defendant self-reported to Pretrial Services that he has had hallucinations for approximately one year, and that the hallucinations have worsened in the past one to two months. In addition, the defendant's former employers in New York believed that the defendant was "odd."

These factors, among others adduced at the hearing, clearly and convincingly demonstrate that if released the defendant would be a danger to the community and pose a risk of flight.

Accordingly, pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

(1) the defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) the defendant be afforded reasonable opportunity for private consultation with his counsel; and,

(3) on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized Deputy United States Marshal for

No. CR 3-11-70520 JL
[Proposed] DETENTION ORDER

the purpose of any appearance in connection with a court proceeding.

The Court is willing to reconsider this order in light of a change in circumstances should an appropriate mental health professional provide a comprehensive report on the defendant's mental state supporting conditions of release.

Dated: 5-19-11

JAMES LARSON
United States Magistrate Judge

No. CR 3-11-70520 JL
[Proposed] DETENTION ORDER