IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. C 11-00332 JSW |
| v. | **ORDER OF EXTENSION OF COMITTMENT** |
| RAGEH AHMED MOHAMMED AL-MURISI, | |
| Defendant. | |

On December 8, 2011, the Court found the Defendant, Rageh Ahmed Mohammed Al-Murisi ("Al-Murisi") incompetent to stand trial and committed him to the custody of the Attorney General to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward. Following that hearing, Al-Murisi was committed to the Federal Medical Center in Butner, Norther Carolina ("FMC Butner"). According to the record, Al-Murisi arrived at FMC Butner on January 20, 2012. (*See* Forensic Evaluation dated May 29, 2012 ("Forensic Evaluation") at 1.)[1] The Court received the Forensic Evaluation prepared by Dr. Robert G. Lucking on or about May 31, 2012. In that evaluation, Dr. Lucking requested an order permitting FMC Butner to involuntarily medicate Al-Murisi for the purposes of restoring him to competency. *See Sell v. United States*, 539 U.S. 166 (2003).

---

[1] The Court has filed this report under seal as Court Exhibit 2.

On July 31, 2012, the parties appeared before this Court for a *Sell* hearing. The Court heard testimony from Dr. Lucking. At the conclusion of the hearing, the parties requested that the Court defer ruling on the request for a *Sell* order.

The Government also suggested that the Court extend the duration of Al-Murisi's commitment pursuant to 18 U.S.C. section 4241 ("Section 4241"). Defendant consented to this request. The parties specifically suggested that Al-Murisi be returned to this District and continue to receive mental health treatment with, if possible, a mental health provider who is fluent in Arabic. The parties also requested the additional period of commitment for purposes of determining whether alternative forms of treatment would serve to restore Al-Murisi to competency and to allow for the possibility that he might agree to take medication voluntarily.

Pursuant to Section 4241(d), "if a court finds that a defendant's mental disease renders him 'mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense,' the court shall commit the defendant for up to four months to determine if there is a 'substantial probability' that he will be restored to competency." *United States v. Loughner*, 672 F.3d 731, 766 (9th Cir. 2012) (quoting 18 U.S.C. § 4241(d)(1)). After the initial four month period has expired, "the court shall commit the defendant 'for an additional reasonable period of time until' he is fit to proceed to trial, 'if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward.'" *Id.* (quoting 18 U.S.C. § 4241(d)(2)).

Based on Dr. Lucking's Forensic Evaluation, his testimony at the hearing, and the lack of any evidence from either the Government or Al-Murisi to the contrary, the Court is satisfied that, at this time, Al-Murisi remains incompetent to stand trial. As noted, Al-Murisi was admitted to FMC-Butler on or about January 20, 2012. Thus, he has been in the custody of the Attorney General pursuant to Section 4241 for over seven months, well past the initial four month commitment period.[2] Although Dr. Lucking opined that he does not believe that Al-Murisi could be restored to competency without medication, the parties have urged this Court to

---

[2] Al-Murisi has been in federal custody since he was arrested in May 2011.

2

try alternative measures. It is apparent from the record that some of Al-Murisi's symptoms have improved without medication. It also appears that some of Al-Murisi's difficulties in understanding the nature and consequences of the proceedings may be attributable to the manner in which interviews were translated. The record also shows a lack of familiarity with the United States' legal system. However, as Dr. Lucking noted, Al-Murisi's educational background suggests he should be able to learn about those differences.

The Court finds that an extension of Al-Murisi's commitment period is warranted and that there remains a substantial probability that with further treatment he can be restored to competency. 18 U.S.C. § 4241(d)(2)(A). With the consent of the parties, that period shall be extended from May 19, 2012, when the initial four month period of commitment under Section 4241 expired, to September 27, 2012. On or before September 27, 2012, the parties shall submit a joint status report to the Court. In that Joint Status Report the parties shall advise the Court as to whether either party will request a further extension of commitment or for a ruling on the request for a *Sell* Order. If either party intends to make such a request, they shall submit an updated mental health evaluation to the Court with their Joint Status Report. The parties may move to file the Joint Status Report or a further evaluation under seal, but that motion must satisfy the requirements of Criminal Local Rule 55-1 and Civil Local Rule 79-5.

The Court also RECOMMENDS that Al-Murisi be housed at the Federal Correctional Institution - Dublin, or at some other suitable facility where Al-Murisi may continue to receive mental health treatment.

**IT IS SO ORDERED.**

Dated: August 1, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

cc: United States Marshal Service

3