**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 11-00332 JSW |
| Plaintiff, | **ORDER ON MOTIONS AND REFERRAL FOR DANGEROUSNESS EVALUATION PURSUANT TO 18 U.S.C. § 4246 AND CONTINUING STATUS HEARING** |
| v. | |
| RAGEH AHMED MOHAMMED AL-MURISI, | |
| Defendant. | **(Docket Nos. 73, 74)** |

This matter comes before the Court upon consideration of the motion for revocation of detention order (Docket No. 73), filed by Defendant, Rageh Ahmed Mohammed Al-Murisi ("Al-Murisi"), and the Government's motion for a further *Sell* hearing and evaluation (Docket No. 74). The Court has considered the parties' papers, relevant legal authority, the record in this case, has had the benefit of oral argument, and has considered the parties' joint status report dated November 20, 2012.

For the reasons set forth in the remainder of this Order, the Court DENIES Al-Murisi's motion for revocation of the detention order, and it GRANTS IN PART AND DENIES IN PART, the Government's motion for a further *Sell* hearing and evaluation.

The Court has set forth the procedural and factual background of this case in several prior orders, and it shall not repeat them here. Pursuant to 18 U.S.C. Sections 3142(b), (f), and 3145(b), and Federal Rule of Criminal Procedure 46, Al-Murisi asks that the Court revoke the detention order issued by the magistrate judge on the basis that circumstances have changed and

Al-Murisi no longer presents a danger to society and is not a flight risk. The Government opposes this request on the basis that the provisions of 18 U.S.C. Sections 4241 and 4246 govern. The Court agrees, and it DENIES Al-Murisi's motion to revoke the detention order on that basis.

The Court committed Al-Murisi to the custody of the Attorney General for purposes of determining whether he was competent to stand trial, and it extended that period of commitment for an additional four months. *See* 18 U.S.C. § 4241(d). Pursuant to Section 4241(d):

> The Attorney General shall hospitalize the defendant for treatment in a suitable facility–
>
> (1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and
>
> (2) for an additional reasonable period of time until–
>
> (A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or
>
> (B) the pending charges against him are disposed of according to law; whichever is earlier.
>
> If, at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit proceedings to go forward, the defendant is subject to the provisions of sections 4246 and 4248.

Al-Murisi's mental condition has not improved without medication, and Al-Murisi continues to refuse to take medication voluntarily. The Government has asked that the Court conduct another *Sell* hearing, so that it may present additional testimony relating to the *Sell* factors identified in the Court's Order denying the motion to involuntarily medicate Al-Murisi. The Government has attached a statement from Dr. Lucking, as an offer of proof as to the nature of the testimony it would present. The Government has not presented any new facts or changed circumstances that would warrant a further hearing, and it has not explained why it could not have presented this information at the *Sell* hearing. However, even if the Court considers Dr. Lucking's statement about why he relied on generalized studies, that fact would

2

not alter the Court's analysis on the second *Sell* factor. The Court also finds unpersuasive the Government's argument as to why the Court might wish to revisit its conclusion on the first *Sell* factor. For those reasons, the Court DENIES the Government's request for a further *Sell* hearing.

Accordingly, the Court finds there is not a substantial probability that Al-Murisi will be restored to competency and his condition has not "so improved as to permit the proceedings to go forward." Thus, Al-Murisi is subject to the provisions of 18 U.S.C. Section 4246. *See* 18 U.S.C. § 4241(d).

FMC-Butner has not filed a certificate pursuant to Section 4246(a). The Court concludes that it is appropriate to continue to detain Al-Murisi for an additional period of time to permit FMC-Butner to conduct an evaluation pursuant to Section 4246(a). In their most recent status report, the parties also request that the Court order that Al-Murisi be placed in the custody of the Attorney General and transported to a suitable facility forthwith for purposes of conducting an examination of dangerousness, and the parties recommend that the examination be conducted at FMC-Butner. The parties further request that the Court order that the examination be completed within forty-five (45) days of Al-Murisi's arrival at the facility and that a report be submitted to the Court and the parties within fifteen (15) days after the examination is completed. The Court shall adopt the parties' recommendations.

Accordingly, the Court ORDERS that Al-Murisi shall be placed in the custody of the Attorney General and transported to a suitable facility for purposes of conducting an examination pursuant to 18 U.S.C. Section 4246(a) to determine whether Al-Murisi "is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another or serious damages to property of another, and that suitable arrangements for State custody and care of the person are not available." *See United States v. Morales-Rivera*, 365 F. Supp. 2d 1139, 1145 (citing 18 U.S.C. § 4246(a)), *aff'd* 160 Fed. Appx. 648, 649 (9th Cir. 2005).

The Court RECOMMENDS that this examination be conducted at FMC-Butner.

3

United States District Court
For the Northern District of California

1 It is FURTHER ORDERED that the facility shall complete the examination within forty-five (45) days of Al-Murisi's arrival at the facility, and it shall submit a report, pursuant to 18 U.S.C. Section 4246(b), to the Court and the parties within fifteen (15) days after the examination is complete.

The Court CONTINUES the hearing currently scheduled for December 13, 2012, to January 17, 2013 at 2:00 p.m. for a status. The parties shall submit a joint status report by no later than January 10, 2013. If, by January 10, 2013, the examination has been completed and the report has been submitted, the parties shall be prepared to address the scope of any further hearings that may be required and whether a special setting may be necessary.

**IT IS SO ORDERED.**

Dated: November 21, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

cc: United States Marshal Service

4